The opinion of the Court was delivered by
D AEG AN, Ch.
Defendants’ intestate was the guardian of plaintiff’s wife. After the decease of the guardian, there was a settlement in full between his administrator's, the defendants, and the plaintiffs upon the guardianship accounts. In this settlement there was an inadvertent omission of a credit to *250 •which the plaintiffs were entitled. The guardian had received a sum of money (two hundred a.nd seventy-four dollars and sixty-nine cents) with whieh he was not charged in the settlement. “ In this settlement no commissions were credited to the estate of the guardian for paying out the amount ascertained to be due by the said settlement, the defendants supposing they were not entitled to the same.”
The plaintiffs filed a petition against the administrators of the guardian, to open the settlement, and to surcharge the account of the guardian by crediting the ward with the said sum accidentally or inadvertently omitted as above stated. To this the defendants did not object, but insisted, that in opening the settlement it should be opened on both sides, and that in restating the account, the estate of the guardian should be credited with the commissions to which he was entitled and which had been omitted. The presiding Chancellor decreed, that the settlement should be opened on this condition.
The plaintiffs’ second ground of appeal is, because the Chancellor “ erred in ruling, that after a settlement had been made, and the money paid over without allowing commissions, it could be opened, and commissions allowed.” The Chancellor did not, and I apprehend would not have opened the settlement simply for the purpose of allowing commissions, under the circumstances of this case. But the plaintiffs asked that the settlement should be opened for their benefit, and for the purpose of correcting an error which operated against them. The Chancellor decreed, that the settlement should be opened on the condition that errors should be corrected on both sides. Surely this is even-handed justice. That he who asks equity must do equity, is a maxim of this Court. This Court is of opinion, that the principle upon which the settlement was opened is correct, and the appeal in this respect is overruled.
But upon the question, whether the estate of the guardian was entitled to be credited with commissions for paying out the funds of the ward on a settlement with the administrators of *251 the guardian, after tbe decease of the guardian, this Court entertains a different opinion from that of the Chancellor who tried this cause on circuit. The guardian died with the funds of his ward in his hands. The guardianship is a personal trust, and its duties, responsibilities and rights are not transmitted to his legal representatives, who are only to hold and take care of the ward’s funds, and to account for, and to pay them over to the party who may be legally entitled to receive them as a common debt of his intestate, or testator, (as the case may be,) and for which the administrators are entitled to commissions as on the payment of any other debt of their intestate.
It is certainly true, that the commissions allowed to a guardian is the compensation which the law gives for all his services and responsibilities connected with the appointment. But whatever may be his services and responsibilities, he is not entitled .to his two and a half per cent, for receiving, until he does receive, nor to his two and a half per cent, for paying out, until he does fdy out. Until this is done, he has not earned his commissions, or consummated his right thereto. And according to the language of the Act, it must be done in the course of his management or administration. Commissions were not allowed at Common Law. They depend entirely upon statutory provisions, and he who claims them must take them according to the terms of the only charter by which they were allowed.
A factor or other agent may be entitled to two and a half per cent, on all moneys paid away on account of his principal. Would the estate of a deceased factor be entitled to two and a half per cent, on the sum of one thousand dollars found in his hands, at the time of his death, belonging to his principal ? It is difficult to perceive a distinction. The duties of the guardian and of the factor, as such, both end with their lives; and the compensation for their services are then fixed. The amount due to the ward, or to the principal, is a debt due and unpaid; *252 and the right to recover which is suspended bj law for a certain period. On the death of the guardian, the duty of paying this, as all other debts, devolves on his legal representative, who, in turn, is compensated by law for paying over this sum remaining in the hands of the intestate at the time of his death.
The case of Ex parte Witherspoon (3 Rich. Eq., 13) is very analogous to this. There, as here, the guardian had died with the funds of his’ ward in his hands.' There was another guardian appointed. And on a settlement by the administrator of the deceased guardian with his successor in the guardianship, and on the payment of the ward’s funds to him, it was held, that the estate of the former was not entitled to commissions for paying out, upon the principle, that by the death of the first guardian, the guardianship had ceased to exist before the money was paid out, and the commissions had not been earned by paying out money in the course of his administration as guardian.
It is ordered and decreed, that the circuit decree be modified according to the principles of this appeal decree, that the case be remanded to the Circuit Court, and that the Commissioner restate the account, and conform his report with this decree.
DüNKIN and Waedlaw, CC., concurred.